[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14611
Non-Argument Calendar

_____

D. C. Docket No. 05-21206-CV-AJ

DAN VAN TRAN,

Plaintiff-Appellant,

versus

CITY OF MIAMI,

Defendant-Cross-
Defendant-Appellee,

LANGO EQUIPMENT SERVICES, INC.,

Defendant-Cross-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 9, 2008)**

Before TJOFLAT, WILSON and PRYOR , Circuit Judges.

PER CURIAM:

Dan Van Tran, proceeding pro se, appeals the district court's grant of summary judgment in favor of the City of Miami ("City") and its contractor, Lango Equipment Services, Inc. ("Lango"), dismissing his claim, brought under 42 U.S.C. § 1983, that the defendants denied him procedural due process of law.[1]  Tran alleged that the defendants acted under color of state law and "recklessly and maliciously" deprived him of due process of law by demolishing a structure that was on property that he owned without giving him the proper notice and hearing the due process required.  In granting summary judgment, the district court concluded that Tran had not been deprived of procedural due process because (1) the City gave him sufficient notice that his property was in non-compliance with the building code and would be demolished, (2) a forum in which to challenge this non-compliance finding, and (3) ample time to correct code violations.

In his brief on appeal, Tran does not explicitly question the court's decision granting summary judgment.  The only argument his brief advances is that the district court used "technicalities to circumvent the Constitution and made decisions contrary to the spirit of the Constitution.  The brief neither refers to none of his specific claims nor cites the legal basis for his assertion.

---

[1] Tran's initial complaint was brought only against the City.  His amended complaint added Lango as an additional defendant.

The failure of an appellate to challenge a trial court's ruling in his opening brief on appeal operates as an abandonment of his claim that the trial court's ruling should be set aside. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed. The Federal Rules of Appellate Procedure plainly require that an appellant's brief 'contain, under appropriate headings and in the order indicated a statement of the issues presented for review.'" Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (citation omitted). Due to Tran's failure to challenge the entry of summary judgment in the opening brief, this appeal is due to be dismissed.

Because Tran is proceeding pro se, we proceed alternatively to the question of whether the district court erred in granting summary judgment. We answer that question in the negative. First, Tran failed to meet his burden of establishing the essential elements of his case; he neither introduced evidence, nor pointed to any already in the record, that might establish any of the elements of any of his claims. Second, the record discloses that he was afforded constitutionally adequate due process before his property was taken: (1) the City communicated with him about his non-compliance with the building code at least five times between 1997 and 2001; and (2) he had sufficient notice that his building would be demolished, an

3

opportunity to correct the deficiencies and save the building, and many opportunities to be heard.

**AFFIRMED.**